| | | |
|---|---|---|
| Lawis J. Rogers, | § § § § | |
| Plaintiff, | | |
| v. | § § § | C.A. NO. 2-03-CV-048 |
| | § | JURY |
| Fortune Forest Products, L.L.C., Derek Edwards and D & E Trucking Company, Inc. | § § § | |
| Defendants. | § | |

## FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Lawis J. Rogers, hereinafter referred to as Plaintiff, complaining of Fortune Forest Products, L.L.C., Derek Edwards and D & E Trucking Company, Inc.,Defendants, and for cause of action would respectfully show unto the Court the following:

### PARTIES

1. Plaintiff is a citizen of the State of Texas and resides in the Eastern District of Texas, Marshall Division.

2. Defendant Fortune Forest Products L.L.C., at all times material hereto, was and is a corporation doing business in the State of Texas in that it had regular and systematic contacts with the State of Texas.

3. Service of process may be had upon Defendant Fortune Forest, L.L.C. by serving its registered agent, Mr. Wesley Taylor, at 204 S. Stewart Street, Deridder, Louisiana 70634.

4. Defendant Derek Edwards is an individual residing in the State of Louisiana.

1



Service of process may be had upon Defendant Derek Edwards at 126 Donnis McWilliams Road, DeRidder, Louisiana 70634.

5. Defendant D & E Trucking Company, Inc., at all times material hereto, was and is a corporation doing business in the State of Texas in that it had regular and systematic contacts with the State of Texas.

6. Service of process may be had upon Defendant D & E Trucking Company, Inc. By serving its registered agent, Mr. Dean Venable, Rt. 1 Box 820, Church Point, Louisiana 70525.

## JURISDICTION AND VENUE

7. The court has jurisdiction over the lawsuit under 28 U.S.C. § 1332 (a) (1) because the Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Venue is proper in this District under 28 U.S.C. Section 1391(a)(1) in that Defendants have regular and systematic contacts with the Eastern District of Texas.

## Facts

8. On or about August 20, 2001, Plaintiff suffered an injury. More specifically, Plaintiff suffered injury to his back and other parts of his body while riding in a locomotive which collided with Defendant's tractor-trailer. The wreck occurred due to Defendants' negligence.

## Cause of Action Against Defendant Fortune Forest Products, L.L.C.

9. Defendant Fortune Forest Products, L.L.C., acting by and through its agents, servants or employees, negligently operated the tractor-trailer that collided with the locomotive Plaintiff was riding in and caused subject collision. In addition, Defendant Fortune Forest Products, L.L.C. negligently entrusted the vehicle in question to its agents, servants or employees involved in the

2

crash. Defendant Fortune Forest Products, L.L.C. also negligently retained its agents, servants or employees involved in the crash. The negligence in question of Defendant Fortune Forest Products, L.L.C., singularly, in combination, or in the alternative was a proximate cause of Plaintiff's injuries.

10. Specifically, but not limited to the following, Defendant Fortune Forest Products, L.L.C. acting through its agents and employees, was negligent including but not limited to the following particulars as follows:

- a) in failing to keep and maintain a proper lookout;
- b) in failing to avoid the wreck;
- c) in failing to properly stop at a stop sign;
- d) in failing to operate the vehicle at a safe and reasonable speed under the circumstances;
- e) in failing to operate the vehicle in a safe manner; and
- f) in failing to yield the right of way.

11. In addition, Defendant Fortune Forest Products, L.L.C.'s unreasonably violated its duties to Plaintiff and violated State laws and statutes. Defendant Fortune Forest Products, L.L.C. also violated federal law, regulations and rules. Defendant Fortune Forest Products, L.L.C.'s violations amounted to negligence per se.

12. Moreover, Defendant Fortune Forest Products, L.L.C.'s conduct was willful and wanton and amounted to malice. Said conduct should be punished with exemplary damages.

## Cause of Action Against Defendant Derek Edwards

13. Defendant Derek Edwards was the driver of the tractor-trailer that proximately caused the wreck at issue. As specified above, the negligence of Defendant Derek Edwards was a proximate cause of the injuries and damages which Plaintiff herein claims.

14. In addition, Defendant Derek Edwards violated laws, regulations and statutes relating to traffic, tractor-trailers, and railroad crossings. Defendant Derek Edward's violations amounted

3

to negligence per se. Said negligence includes negligence which occurred in the performance of a proprietary function.

### Cause of Action Against Defendant D & E Trucking Company, Inc.

15. Defendant D & E Trucking Company, Inc., acting by and through its agents, servants or employees, negligently operated the tractor-trailer that collided with the locomotive Plaintiff was riding in and caused subject collision. In addition, Defendant D & E Trucking Company, Inc. negligently entrusted the vehicle in question to its agents, servants or employees involved in the crash. Defendant D & E Trucking Company, Inc. also negligently retained its agents, servants or employees involved in the crash. The negligence in question of Defendant D & E Trucking Company, Inc., singularly, in combination, or in the alternative was a proximate cause of Plaintiff's injuries.

16. Specifically, but not limited to the following, Defendant D & E Trucking Company, Inc. acting through its agents and employees, was negligent including but not limited to the following particulars as follows:

   a) in failing to keep and maintain a proper lookout;
   b) in failing to avoid the wreck;
   c) in failing to properly stop at a stop sign;
   d) in failing to operate the vehicle at a safe and reasonable speed under the circumstances;
   e) in failing to operate the vehicle in a safe manner; and
   f) in failing to yield the right of way.

17. In addition, Defendant D & E Trucking Company, Inc.'s unreasonably violated its duties to Plaintiff and violated the laws and statutes of the State of Texas. Defendant D & E Trucking Company, Inc. also violated federal law, regulations and rules. Defendant D & E Trucking Company, Inc.'s violations amounted to negligence per se.

18. Moreover, Defendant D & E Trucking Company, Inc.'s conduct was willful and wanton and amounted to malice. Said conduct should be punished with exemplary damages.

## **Damages**

19. As a proximate and legal result of Defendants' negligence and wrongdoing, Plaintiff has suffered serious injuries and permanent impairment to his body. These injuries are permanent in nature. In all reasonable probability, Plaintiff will suffer for a long time into the future, if not for the balance of his natural life. These injuries have had a serious effect on Plaintiff's health and well being.

20. Because of the nature and consequences of his injuries, Plaintiff has suffered great physical and mental pain, suffering and anguish and, in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life.

21. At the time of the incident complained of, Plaintiff was gainfully employed. Plaintiff has lost wages and benefits in the past and, within reasonable probability, will continue to suffer a loss of wages, benefits, and earning capacity in the future.

22. As a further result thereof, Plaintiff has incurred expenses for medical care and attention, such as physicians' fees, medical supplies, appliances, medicine, hospitalization and nursing service. These expenses were incurred for necessary care and treatment of the injuries resulting from the incidents complained of above. The charges for the said expenses were reasonable and they were the customary charges made for such services in the area in which they were rendered.

23. As a further result of the injuries sustained by Plaintiff, he will, within reasonable medical probability, incur future expenses for his medical care and attention.

24. As a result of the incidents complained of herein, Plaintiff has suffered in the past

and, within reasonable medical probability, will continue to suffer in the future from physical impairment.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Lawis Rogers requests that Defendants be summoned to appear and answer, and that upon final trial, judgment be rendered against Defendants, in excess of SEVENTY-FIVE THOUSAND AND NO/100THS DOLLARS ($75,000.00), exclusive of interest and costs, pre-judgment interest, plus post-judgment interest at the legal rate from all Defendants, and for all costs of court. Plaintiff would further pray for any such other relief, both at law and in equity, to which he may show himself justly entitled.

PLAINTIFF DEMANDS A JURY TRIAL

Respectfully submitted,

*[signature: Bristol Baxley]*

Bristol Baxley
SBOT # 00787049
ROME, ARATA & BAXLEY
1506 E. Broadway, Suite 103
Pearland, TX 77581
Ph. 281-993-0000
Fax: 281-993-0035

Doyle Curry
The Law Offices of Curry & Morin, L.L.P.
SBOT# 05268000
201 W. Houston
P.O. Box 2065
Marshall, TX 75671
Ph. 903-927-2277
Fax: 903-935-0799

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that on this the 22d day of May 2003, a true and correct copy of *First Amended Complaint* has been forwarded to the address below by U.S. mail, return receipt requested.

Mr. Robert Alderman
Zeleskey Law Firm
1616 South Chestnut
Lufkin, Texas 75901

*[signature: Bristol Baxley]*

Bristol Baxley